**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Henry T. QUINTANILLA,**
**Defendant–Appellant.**

No. 01–15453.

D.C. No. CV–99–00021–JSU
CR–95–00128–JSU.

United States Court of Appeals,
Ninth Circuit.

Submitted March 11, 2002 *.

Decided March 19, 2002.

Before FARRIS, W. FLETCHER and FISHER, Circuit Judges.

## MEMORANDUM **

Henry T. Quintanilla appeals the district court's order denying his habeas corpus petition under 28 U.S.C. § 2241. We have jurisdiction under 18 U.S.C. § 1291, and we reverse and remand, with instructions.

We review a district court's decision to grant or deny a federal prisoner's petition for writ of habeas corpus de novo. *Bowen v. Hood,* 202 F.3d 1211, 1218 (9th Cir.2000) (per curiam), *cert. denied,* 531 U.S. 1111, 121 S.Ct. 854, 148 L.Ed.2d 769 (2001).

Quintanilla contends the district court's denial of his habeas petition, for his failure to exhaust administrative remedies, was erroneous because the Bureau of Prisons maintains that Quintanilla is not in its custody, and thus no administrative remedies exist. The government concedes, and we agree, remand is necessary because the detainer it filed against Quintanilla with the Guam Department of Corrections was never executed.

Quintanilla also requests the district court be given instructions to make factual findings regarding time already served. However, the Attorney General computes such credit after defendant has begun to serve his sentence. 18 U.S.C. § 3585(b); *United States v. Pizzichiello,* 272 F.3d 1232, 1240 (9th Cir.2001).

Accordingly, we reverse the denial of Quintanilla's § 2241 habeas petition and we instruct the district court to release Quintanilla from the Guam Department of Corrections and into the federal custody of the Bureau of Prisons.

REVERSED and REMANDED.

---

*** All outstanding motions are denied as moot.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.